**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

| | | |
|---|---|---|
| DELORIS B. TALISH;<br>FAIZAN TALISH,<br>7025 Sewells Point Rd, Apt G,<br>Norfolk, VA 23513-1824<br><br>Plaintiffs<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>JOSEPH B. EDLOW, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br>2707 Martin Luther King Jr. Ave, SE<br>Washington, DC 20528-0485<br><br>TODD BLANCHE, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Defendants. | ) | Civil Action No. ____________ |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Charles J. Homiller, Jr. (VA Bar No. 51012), Local Counsel for Plaintiffs, HOMILLER LAW FIRM, 13801 Village Mill Drive, Suite 205, Midlothian, Virginia, 23114. PH: (804) 608-5228, Facsimile: (804) 299-5199, Email: charles@homillerlawfirm.com; Catherine Venable (NJ Bar No. 398962022; NY Bar No. 5960059), Non-resident Attorney for Plaintiffs, JEELANI LAW FIRM,

PLC, 3701 W. Algonquin Road, Suite 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: catherine@jeelani-law.com.

## INTRODUCTION

COME NOW DELORIS B. TALISH and FAIZAN TALISH (hereinafter collectively "Plaintiffs") by and through the undersigned attorney, in the above cause, and state as follows:

1. This action arises from Defendants' failure to adjudicate Plaintiffs' pending immigration filings within a reasonable period of time.

2. Plaintiff DELORIS B. TALISH is a United States citizen who properly filed Form I-130, Petition for Alien Relative ("Petition"), on behalf of her spouse, Plaintiff FAIZAN TALISH, seeking classification of Plaintiff FAIZAN TALISH as the immediate relative spouse of a United States citizen.

3. On March 26, 2024, Plaintiff FAIZAN TALISH concurrently filed Form I-485, Application to Register Permanent Residence or Adjust Status ("Application").

4. Plaintiffs' filings have now remained pending for over two years and five months (over 29 months, or 913 days), far exceeding normal processing times and well beyond any reasonable adjudicative period.

5. According to USCIS's published historical median processing times, Form I-130 petitions were adjudicated in approximately 12.9 months, and Form I-485 applications were adjudicated in approximately 5.9 months, for the 2026 fiscal year. Plaintiffs' filings have remained pending substantially longer than those historical benchmarks.[1]

6. Plaintiff FAIZAN TALISH completed biometrics on April 25, 2024, and attended his Form I-485 interview on January 22, 2025.

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

7. Since completion of the interview, Defendants have taken no meaningful adjudicative action on Plaintiffs' filings.

8. Defendants have a nondiscretionary duty to process and adjudicate Plaintiffs' filings within a reasonable period of time. 5 U.S.C. § 555(b).

9. Defendants' failure to act constitutes unlawful agency delay in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

10. Further, the delay extends well beyond Congress's 180-day guideline for immigration benefit adjudications. 8 U.S.C. § 1571.

11. Defendants' prolonged inaction has caused severe hardship to Plaintiffs, including prolonged uncertainty, continued delay in family immigration stability, and interference with Plaintiffs' ability to move forward with their lives together as a married couple. Plaintiffs therefore seek relief compelling Defendants to perform their statutory duties and adjudicate the pending filings.

## PARTIES

12. Plaintiff DELORIS B. TALISH is a United States citizen and resident of the City of Norfolk, Virginia. She is the petitioner of a properly filed Form I-130, Petition for Alien Relative, filed on behalf of her spouse, Plaintiff FAIZAN TALISH.

13. Plaintiff FAIZAN TALISH is a citizen of Pakistan and resident of the City of Norfolk, Virginia. He is the beneficiary of the pending Form I-130 Petition and the applicant of the pending Form I-485 Application.

14. Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees

of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1. This action is filed against him in his official capacity.

15. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

16. Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, 1361, and 2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

18. Venue is proper in the District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside, and no real property is at issue in the instant case.

**EXHAUSTION OF REMEDIES**

19. Plaintiffs have repeatedly requested that Defendants render a final decision on their respective filings. Plaintiffs, through counsel, contacted USCIS regarding the status of the pending filings on June 25, 2025 (Referral ID SR11762501370RPA) and again on January 16, 2026 (Referral ID SR10162603402RPA), requesting adjudication of the pending filings, all to no avail.

20. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of their respective filings.

21. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

22. On March 26, 2024, Plaintiff DELORIS B. TALISH properly filed Form I-130, Petition for Alien Relative, on behalf of Plaintiff FAIZAN TALISH (Receipt No. IOE0925071628). [EXHIBIT A].

23. On March 26, 2024, Plaintiff FAIZAN TALISH concurrently filed Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. IOE0925071627). [EXHIBIT B].

24. On April 25, 2024, Plaintiff FAIZAN TALISH completed biometrics at a USCIS Application Support Center in Norfolk, Virginia. [EXHIBIT C].

25. On January 22, 2025, Plaintiff FAIZAN TALISH attended his Form I-485 interview at the USCIS Norfolk Field Office. [EXHIBIT D].

26. Since completion of the interview, Defendants have issued no further requests for evidence, scheduled no additional interview, and taken no meaningful adjudicative action on Plaintiffs' filings.

27. The filings are fully ripe for adjudication, and no further action remains required on Plaintiffs' part.

28. Plaintiffs, through counsel, have submitted multiple inquiries regarding the status of the filings, including USCIS service requests referenced as SR11762501370RPA (inquiry acknowledged August 5, 2025) and SR10162603402RPA (inquiry acknowledged January 26, 2026, and February 13, 2026), all without resolution. [EXHIBITS E and F].

29. Plaintiffs' filings have now remained pending for over two years and five months (over 29 months, or 913 days).

30. According to USCIS's published historical median processing times, Form I-130 petitions were adjudicated in approximately 12.9 months, and Form I-485 applications were adjudicated in approximately 5.9 months, for the 2026 fiscal year. Plaintiffs' Form I-130 Petition has remained pending for over two times that duration, and Plaintiff FAIZAN TALISH's Form I-485 Application has remained pending for over five times that duration.[2]

31. The delays far exceed both USCIS's published processing times and Congress's 180-day guideline.

32. Defendants have provided no legitimate explanation for the prolonged delays.

33. As a result of Defendants' continued inaction, Plaintiffs have suffered prolonged emotional, financial, and practical hardship, including continued uncertainty regarding their ability to move forward together as a married couple in the United States.

34. Further, Plaintiffs have been deprived of the ability to move forward toward lawful permanent residence and eventual naturalization eligibility.

**COUNT I**
**VIOLATION OF THE APA – FORM I-130 (5 U.S.C. § 706(1))**

35. All prior paragraphs are re-alleged as if fully stated herein.

36. Plaintiff DELORIS B. TALISH properly filed Form I-130 on behalf of her spouse pursuant to 8 U.S.C. § 1154(a)(1)(A)(i).

37. Defendants have a duty to adjudicate the Petition within a reasonable period of time under 5 U.S.C. § 555(b).

38. Defendants possess all information necessary to adjudicate the Petition.

39. Despite this, Defendants have failed to take final action.

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

40. The Petition has remained pending for over two years and five months (over 29 months), substantially beyond USCIS's published historical median processing time and far exceeding the timeframe contemplated by Congress.

41. Pursuant to 5 U.S.C. § 706(1), this Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.

42. Defendants' failure to adjudicate the Petition constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

43. Defendants' delay is unreasonable as a matter of law, and Plaintiffs have been deprived of the timely adjudication to which they are entitled.

**COUNT II**
**VIOLATION OF THE APA – FORM I-485 (5 U.S.C. § 706(1))**

44. All prior paragraphs are re-alleged as if fully stated herein.

45. Plaintiff FAIZAN TALISH properly filed Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to 8 U.S.C. § 1255.

46. Defendants have a duty to adjudicate the Application within a reasonable period of time under 5 U.S.C. § 555(b).

47. Defendants possess all information necessary to adjudicate the Application.

48. Plaintiff FAIZAN TALISH completed biometrics on April 25, 2024, and attended his Form I-485 interview on January 22, 2025.

49. Despite this, Defendants have failed to take final action.

50. The Application has remained pending for over two years and five months (over 29 months), substantially beyond USCIS's published historical median processing time and far exceeding the timeframe contemplated by Congress.

51. Pursuant to 5 U.S.C. § 706(1), this Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.

52. Defendants' failure to adjudicate the Application constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

53. Defendants' delay is unreasonable as a matter of law, and Plaintiff FAIZAN TALISH has been deprived of the timely adjudication to which he is entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Order Defendants to adjudicate Plaintiffs' pending Form I-130 Petition and Form I-485 Application within a time certain;

2. In the alternative, compel Defendants to perform their duty to adjudicate the pending filings;

3. Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication in violation of the Administrative Procedure Act;

4. Retain jurisdiction over this matter to ensure compliance with the Court's order;

5. Award Plaintiffs reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

6. Grant such other and further relief as this Court deems just and proper.

Date: September 25, 2026

Respectfully submitted,

/s/ Charles J. Homiller
**CHARLES J. HOMILLER, JR., ESQ**
**VA Bar No. 51012**
**Homiller Law Firm**
**13801 Village Mill Drive, Suite 205**
**Midlothian, Virginia, 23114**
**charles@homillerlawfirm.com**
**Phone: (804) 608-5228**
**Fax: (804) 299-5199**
***Local Counsel for Plaintiffs***

/s/ Catherine Venable
**Catherine Venable, Esq.**
**NJ Bar No. 398962022**
**NY Bar No. 5960059**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**catherine@jeelani-law.com**
**Phone: (312) 767-9030**
**Fax: (312) 549-9981**
***Non-resident Attorney for Plaintiffs***
****Pro Hac Vice Pending***